**Gladys M. FERRIGON, Plaintiff–Appellant,**

v.

**BRADLEY HEALTH CARE, INC., Doing Business as Southington Care Center, Defendant–Appellee.**

No. 00–7458.

United States Court of Appeals, Second Circuit.

Jan. 12, 2001.

Susan M. Phillips, Madsen, Prestley & Parenteau, Hartford, CT, for appellant.

David L. Metzger, Metzger & Associates, Hartford, CT, for appellee.

Present FEINBERG, PARKER, Circuit Judges and COVELLO * District Judge.

* The Honorable Alfred V. Covello, of the United States District Court for the District of Connecticut, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Appellant Gladys M. Ferrigon appeals from the judgment of the United States District Court for the District of Connecticut (Dorsey, J.) entered on March 16, 2000, granting appellee's motion for summary judgment and dismissing appellant's complaint in its entirety. On appeal, appellant argues that, under the standard enunciated in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), there was sufficient evidence to preclude the granting of summary judgment in favor of the defendant.

Appellant was terminated in 1997 after seven years of employment at Southington Care Center. Appellee claims that appellant was terminated after she made three medication errors in four months.

Appellant argues that appellee did not consistently apply its medication systems error policy, and the fact that a younger, white nurse, Mary Cellela, who also erred was not terminated suggests that appellee's proffered reason for appellant's termination is pretextual and raises an inference of discriminatory animus.

Appellee points out, however, that appellant has proffered no evidence to show that an employee with a similar record of medication errors has been retained. The April 1997 error was Ms. Cellela's first in several years of employment with appellee, while appellant's April 1997 error was her eleventh in seven years of employment and third in four months.

In *Reeves,* the Supreme Court reiterated that "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." 120 S.Ct. at 2109. The Court went on to hold that, "because a prima facie case and sufficient evidence to reject the employer's explanation may permit a finding of liability, the Court of Appeals erred in proceeding from the premise that a plaintiff must always introduce additional, independent evidence of discrimination." *Id.*

The district court's ruling does not violate the standard set forth in *Reeves.* The court did not require appellant to allege additional evidence of discriminatory motive beyond what was required to make out a prima facie case and to show that defendant's proffered reasons for her termination were pretextual. The fact is that appellant pointed to no evidence to suggest pretext by defendant. Furthermore, after a review of the record on appeal, it is clear that the court was correct when it concluded that appellant "has alleged no evidence on the basis of which a jury could find her termination was discriminatorily motivated." *Id.* Appellant has not demonstrated with affidavits, testimony or other evidence any inconsistencies in appellee's application of its disciplinary policy; nor has she even alleged that any persons not in her protected class, and having a similar record of medication errors, were disciplined any less harshly.

We therefore affirm.